## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development f/k/a Farmers Home Administration), )<br><br>Plaintiff, )<br><br>v. )<br><br>PERSHA RILEY a/k/a PERSHA SUSIENNA RILEY and VIRGIN ISLANDS HOUSING FINANCE AUTHORITY, )<br><br>Defendants. ) | Case No. 3:19-cv-0086<br><br>ACTION FOR DEBT AND FORECLOSURE OF MORTGAGE |

## JUDGMENT

**THIS MATTER** is before the Court on the Motion of the United States for default judgment against Persha Riley ("Riley") and summary judgment against the Virgin Islands Housing Finance Authority ("VIHFA").

### I.  FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Persha Riley is the record owner of property described as

    Parcel No. 3C-A-10 Estate Fortuna
    No. 8 West End Quarter
    St. Thomas, U.S. Virgin Islands
    As shown on OLG Drawing No. A9-622-T003
    Dated December 29, 2003

    (the "Property"). *See* ECF No. 1-2, Ex. B at 1.

2. On or about April 7, 2004, Riley borrowed $115,000 from the United States.

3. On or about April 7, 2004, Riley executed and delivered to the United States a promissory note (the "Note"), in which she promised to pay the United States the principal sum of One Hundred Fifteen Thousand Dollars ($115,000.00), plus interest at the rate of 6.125% per annum in monthly installments.

4. The Note provides that Riley will be in default by failing to pay an installment. In the event of default, at the election of the United States, the Note will become due and payable in its entirety.

5. On or about April 7, 2004, Riley delivered to the United States a real estate mortgage (the "Mortgage") encumbering the Property and securing the Note. The Mortgage is attached to the Property. Pursuant to the Mortgage, the United States has the right to foreclose on the Property in the event of a default on the Note.

6. On April 7, 2004, the Mortgage was recorded in the Office of the Recorder of Deeds for the St. Thomas and St. John Division as Document No. 2004002948.

7. On April 7, 2004, Riley executed a Subsidy Repayment Agreement with the United States providing for the United States to recapture interest credits granted to Riley upon foreclosure of the Mortgage.

8. On April 7, 2004, Riley executed and delivered to the VIHFA a second real estate mortgage covering the Property ("VIHFA's Mortgage"). By its terms, VIHFA's Mortgage secures payment of an indebtedness owed by Riley to the VIHFA in the amount of Three Thousand, Seven Hundred Thirty dollars and Forty cents ($3,730.40). *See* ECF No. 1-6.

9. VIHFA's Mortgage was recorded on April 7, 2004, with the Recorder of Deeds, Division of St. Thomas and St. John as Document No. 2004002949.

10. The United States' Mortgage was recorded with the Recorder of Deeds before VIHFA's Mortgage.

11. Riley defaulted by virtue of her failure to pay the monthly installment due on January 7, 2014, and all subsequent installments.

12. On December 11, 2014, the United States declared the entire amount of the indebtedness due and payable immediately. The United States provided Riley written notice of the acceleration and demanded payment within thirty (30) days.

13. Riley made no further payments on the Note.

14. On October 3, 2019, the United States initiated this action against Riley to enforce the terms and conditions of the Note and Mortgage.

15. Riley waived service of the summons and complaint. *See* ECF No. 3.

Case: 3:19-cv-00086-RAM-RM Document #: 51 Filed: 09/28/22 Page 3 of 8

USA (Rural Development) v. Riley et al.
Case Number 3:19-cv-0086
Judgment
Page 3 of 8

16. Riley has not filed an answer to the United States' complaint or otherwise appeared in this action.

17. Riley is a competent adult and is not on active duty for any branch of the United States Uniformed Services. *See* ECF No. 43-1.

18. On March 20, 2020, the Clerk of Court entered default against Riley.

19. As of the date of this Judgment, no answer or responsive pleading has been filed by Riley.

20. Riley is in default on the Note. As of August 31, 2021, Riley is in debt to the United States in the principal amount of $171,357.87, plus interest in the amount of $81,204.77, fees in the amount of $18,239.25, and interest on the fees in the amount of $3,437.85, for a total indebtedness of $274,239.74. Interest continues to accrue on the Note at the rate of $28.7553 per day, and on the interest on the unpaid assessed fees at the rate of $3.0082 per day until the date of entry of this Judgment, with interest continuing to accrue thereafter at the legal rate until full satisfaction of this Judgment. *See* ECF No. 43-2 at 2.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), Courts have discretion to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). The Court accepts as true any facts contained in the pleadings regarding liability. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.")

Typically, a motion for default judgment must include evidence that (1) default was entered; (2) the defendant has not appeared; (3) the defendant is not an infant or incompetent; (4) all pleadings were validly served on the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. 2010-102, 2013 U.S. Dist. LEXIS 135334, at *14 (D.V.I. Sept. 10, 2013). The Court of Appeals for the Third Circuit has stated that district courts must consider the *Chamberlain* factors in determining whether a default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a

litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see* Fed. R. Civ. P. 56(a). The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met, it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013); *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Ind.*, 477 U.S. 242, 248 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Reedy v. Evanson,* 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).; *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). "Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *LPP Mortgage, Ltd. v. Ferris*, No. 2011-094, 2014 U.S. Dist. LEXIS 74599, at *4 (D.V.I. June 2, 2014).

### III.  DISCUSSION

To prevail on a debt and foreclosure claim in the Virgin Islands, a plaintiff must demonstrate that "(1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note." *United States v. Mauldin*, No. 1:18-cv-00033, 2020 U.S. Dist. LEXIS 11400, at *7 (D.V.I. Jan. 23, 2020); *see also Anthony v. FirstBank Virgin Islands,* 58 V.I. 224, 232 (V.I. 2013).

Case: 3:19-cv-00086-RAM-RM Document #: 51 Filed: 09/28/22 Page 5 of 8

USA (Rural Development) v. Riley et al.
Case Number 3:19-cv-0086
Judgment
Page 5 of 8

Here, Riley executed a promissory note and mortgage on or about April 7, 2004. (ECF Nos. 1-1, 1-2.) Riley defaulted under the terms of the note and mortgage on January 7, 2014. (ECF No. 1-5.) Under the mortgage, the lender is authorized to foreclose on the property as security for the note. (ECF No. 1-2 at 6.) Accordingly, the United States has demonstrated that the elements of debt and foreclosure have been established.

The *Chamberlain* factors weigh in favor of granting default judgment. The Court first considers whether denying default judgment would prejudice the plaintiff. Riley has not answered or appeared in the matter. As such, the Court finds that the United States would be prejudiced by Riley's failure to defend herself in this matter, should default judgment be denied, because litigation would not be able to proceed without her. Next, the Court looks at whether Riley has a litigable defense and whether her delay is due to culpable conduct. Because Riley has not participated in this matter, the Court cannot assess her defense or conduct. *Cobb*, 2012 U.S. Dist. LEXIS 90366, at *5 ("As to the second and third factors, because Defendants have failed to participate in the litigation process in any way, the Court cannot speculate as to whether Defendants have a litigable defense, or whether Defendants' default is due to culpable conduct.") Accordingly, default judgment is warranted in this matter.

As to summary judgment, the United States has demonstrated that there is no genuine issue of material fact. Consequently, the burden shifts to the VIHFA to "establish specific facts showing there is a genuine issue for trial." *Electronic Arts, Inc.,* 717 F.3d at 148. VIHFA has not presented any facts establishing a genuine issue for trial. Indeed, VIHFA admitted that it "may claim an interest in the Property by virtue of a second priority mortgage against Riley." *Answer*, ECF No. 5, ¶12. Accordingly summary judgment is appropriate in this matter.

The Virgin Islands is a race notice jurisdiction for the purposes of determining the priority of liens. *Kennedy Funding Inc. v. Oracle Bus. Devs., LLC*, No. 2012-0009, 2016 U.S. Dist. LEXIS 13498, at *18 (D.V.I. Feb. 4, 2016) (citing *Brodhurst v. Frazier*, 57 V.I. 365, 371 (V.I. 2012). As such, an earlier recorded instrument takes priority over a later filed instrument. *See Moco Inves., Inc. v. United States*, 362 Fed. App'x 305, 309 (3d Cir. 2010). The United States recorded its mortgage on the Property before any other liens were recorded against the Property. Consequently, the United States has first priority as a lien-holder.

The Court's factual findings establish that Plaintiff United States of America is entitled to default judgment against Defendant Riley, and also to summary judgment against Defendant VIHFA. Accordingly, it is hereby

**ORDERED** that the United States' Motion for Entry of Default Judgment as to Persha Riley, ECF No. 41, is **GRANTED**; it is further

**ORDERED** that the United States' Motion for Entry of Summary Judgment against Virgin Islands Housing Finance Authority, ECF No. 41, is **GRANTED**; it is further

**ORDERED, ADJUDGED, AND DECREED** that the United States **SHALL** recover from Persha Riley the principal amount of $171,357.87; plus interest on the Note in the amount of $81,204.77; fees in the amount of $18,239.25; plus interest on the unpaid fees in the amount of $3,437.85. Interest continues to accrue on the principal in the amount of $28.7553 per diem from August 31, 2021, until the date of judgment. Interest continues to accrue on the unpaid fees in the amount of $3.0082 per diem from August 31, 2021, until the date of judgment; it is further

**ORDERED, ADJUDGED, AND DECREED** that the United States' Mortgage is a first priority lien against the Property to secure payment of the Judgment awarded herein, including attorney's fees and costs; it is further

**ORDERED, ADJUDGED, AND DECREED** that the relative order of priority of liens is as follows: the mortgage lien in favor of the United States of America is first in priority and the lien of the Virgin Islands Housing Finance Authority is second in priority against the Property; it is further

**ORDERED, ADJUDGED, AND DECREED** that the United States' Mortgage, and any liens on the Property subsequent to the recording of the United States' Mortgage are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code. Second, the proceeds of such sale shall be applied toward satisfaction of this Judgment in favor of the United States, including any costs and attorney's fees that may be awarded upon

application and any sums that may be paid by the United States for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment, then toward satisfaction of the lien of Riley as required by Virgin Islands law. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:
    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Ron de Lugo Federal Building, St. Thomas, U.S. Virgin Islands.
    b. The United States may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.
    c. The terms of the sale as to all other persons or parties bidding shall be cash.
    d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive of the date of sale of the Property.
    e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. The United States shall have any and all writs necessary to execute the terms of this Judgment.

4. Riley shall be liable to the United States for any deficiency remaining after the sale of the Property; it is further

*USA (Rural Development) v. Riley et al.*
Case Number 3:19-cv-0086
Judgment
Page 8 of 8

      **ORDERED** that the Clerk of Court shall **CLOSE** this case.

**Dated:** September 28, 2022                  /s/
                                                                    **ROBERT A. MOLLOY**
                                                                    **Chief Judge**